## CHARLES DREIFUS CO. v. DIAMOND P. TRANSP. CO.

### No. 1 of 1933.

District Court, E. D. Pennsylvania.

April 25, 1934.

Owen B. Rhoads, of Dechert, Bok & Smith, of Philadelphia, Pa., and Thomas H. Middleton (of Single & Hill), of New York City, for plaintiff.

Samuel B. Fortenbaugh, Jr. (of Shields, Clark, Brown & McCown), of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

The libelant should recover.

#### Discussion.

The suit is to recover the value of a cargo of scrap iron lost in carriage by the sinking of the barge in which being carried. The libel is in rem against the navigating tug and

in personam against the owner of the barge and tug. There was an undoubted failure of the carrier to comply with its contract of carriage. Congress, however, for the encouragement of our merchant marine, has enacted a law relieving vessels and owners of carrier vessels from responsibility for losses due to perils of the sea. There is a like provision in the charter party. There is another exculpating provision in the law with which we are not concerned because it is inapplicable. The sole question is in consequence whether the loss of the barge was due to a peril of the sea which would excuse the carrier from responsibility.

The respondent has assumed the burden of establishing that in truth the loss of the barge was due not to any negligence or fault of the carrying barge or to the navigating tug but to causes included in the meaning of the phrase "perils of the sea."

The only testimony we have to aid us in finding an answer to this question is that supplied by the respondent. A very natural inquiry suggested is into the seaworthiness of the barge. This has a bearing and a very important bearing upon the answer to be found to the question propounded, but it is not wholly controlling. Another natural query which arises is that, if the barge sank because of a "peril of the sea," as the crew knew all the happenings of the voyage, what was this "peril"? Appreciating this, the respondent ascribes the sinking to the barge having collided with some submerged obstruction. The barge was in waters of such depth as to negative the thought that she struck bottom. The obstruction must in consequence have been a floating although submerged object. The only evidence to support such a theory is that what is described as a "jolt" was felt.

The only comment to be made upon this evidence is that it is not sufficient to warrant the finding that the barge sank because of striking some unknown obstacle to navigation and to require the finding that the loss of the cargo was not due to "any peril of the sea."

We see no need for other findings of fact or conclusions of law. If, however, they are desired, requests may be submitted, and they will be answered and incorporated herewith.

We further see no need for a reference to a commissioner to find the damages. Unless this is asked for, an appropriate judgment may be entered in favor of the libelant and against the respondent, with costs.